**PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS,**
Plaintiff,

v.

**Anthony GITTENS, et al., Defendants.**

**No. 02–984 (RJL).**

United States District Court,
District of Columbia.

Nov. 14, 2003.

Arthur B. Spitzer, American Civil Liberties Union, Washington, DC, for Plaintiff.

Charles Luverne Reischel, Martha J. Mullen, Robert C. Utiger, Office of Corporation Counsel, D.C., Washington, DC, for Defendants.

### Memorandum Opinion and Order

LEON, District Judge.

Before the Court are cross-motions for summary judgment. This case involves the ongoing efforts by the plaintiff, People for the Ethical Treatment of Animals ("PETA"), to display its "sad circus elephant" design in defendant District of Columbia's citywide showcase of "Party Animal" sculptures. Upon reviewing the cross motions for summary judgment and the opposition thereto, the Court grants the plaintiff's motion and denies the defendants' motion.

### I. Background

On August 7, 2002, after several rounds of briefing and oral arguments, the Court granted the plaintiff's motion for a preliminary injunction and ordered the defendants to display the plaintiff's sculpture design in a prominent location in the city. *PETA v. Gittens*, 215 F.Supp.2d 120, 135 (D.D.C.2002). That opinion set forth a detailed background of this case, which is incorporated herein by reference. *See PETA v. Gittens*, 215 F.Supp.2d 120, 124–27 (D.D.C.2002). On August 27, the Court denied the defendants' motions for reconsideration and stay pending appeal, issuing another memorandum opinion to that effect. *See PETA v. Gittens*, No. 02–94, slip op. at 1–7 (D.D.C. Aug. 27, 2002). The defendants then complied with the Court's ruling by displaying the plaintiff's design at Connecticut Avenue and Q Street, NW, from August 29 until late September, when the Party Animals display ended. Meanwhile, this litigation continued as the defendants filed an appeal on September 7, 2002, requesting a stay of the preliminary injunction. The Court of Appeals denied

that motion on September 27, 2002, explaining that the stringent standards required for a stay pending court review had not been satisfied. Following the Court of Appeals' decision, the parties decided to file with this Court cross motions for summary judgment, which were fully briefed by August 20, 2003.

### II. Discussion

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c), (e)). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." *Id.* at 249–50, 106 S.Ct. 2505 (internal citations omitted).

■ Here, the Court grants the plaintiff's motion and denies the defendants' motion because the pleadings do not raise any genuine issues of material fact that would prevent the Court from relying, in its entirety, on the discussion set forth in its memorandum opinion of August 7, 2002, which granted the plaintiff's motion for a preliminary injunction. *See Gittens,* 215 F.Supp.2d at 120–35. While the defendants contend that the affidavits and other evidence introduced along with the cross motions for summary judgment suggest new-found factual disputes between the parties, none of these disputes are material. Indeed, only the following two apparent "disputes" even merit discussion.

First, the defendants contend that when the plaintiff submitted its two April 3 designs (i.e., one happy elephant and one sad elephant) the defendants actually believed that the plaintiff was "presenting two genuine choices, either one of which, would be acceptable" to the plaintiff. Defs.' Statement of Material Facts as to Which There is No Genuine Issue ("Defs.' Facts") ¶ 13; Gittens Decl. of June 24, 2003 ¶ 17. The contention, however, is clearly belied by the cover letter the plaintiff submitted with the two April 3 submissions, which stated in no uncertain terms that the plaintiff was requesting the defendants "to review the attached designs and advise us as to whether either of them would be accepted were we to decide on it as a final design." *See* Letter of April 3, 2002, from Patrick McVicker to Alex MacMaster. Moreover, the defendants "admit that PETA [was inquiring] about the suitability of two additional designs [in their] April 3, 2002 [letter]." Answer ¶ 19. For the defendants to contend at this stage of the litigation that it believed the plaintiff had indicated at that point that the happy cir-

cus elephant design was an equally acceptable option strains credulity beyond the breaking point. As the plaintiffs contends, it appears to be an "effort to rewrite history." Pl.'s Response to Defs.' Statement of Material Facts ("Pl.'s Response").

Second, the defendants' contention that they believed that the April 3 designs, including the happy elephant, were not "artistic, original or creative," similarly strains credulity. Gittens Decl. of June 24, 2003 ¶ 16; *see also* McSweeny Decl. ¶ 5. Indeed, Mr. Gittens' declaration of June 24, 2003, explaining that neither the happy elephant nor sad elephant design was "artistic, original or creative," Gittens Dec. ¶ 17, and that the defendants merely accepted the happy elephant "to accommodate PETA and to boost sponsorship," *id.* ¶ 20, is inconsistent with the Commissioner's earlier declarations immediately following the defendants' decisions. Those declarations never discussed artistic value, originality, and creativity. Moreover, common sense dictates that the happy elephant design must have met the defendants' conception of the minimal artistic criteria necessary for submission. Otherwise the defendants would be left to argue that they would have accepted any submission to accommodate a potential sponsor; a position it could not have credibly advocated, either then or now, for a whole host of obvious reasons.

In any event, even if the Court were to find that either one of these factual issues existed between the parties regarding the April submissions, neither is a material issue of fact. Simply stated, the defendants' decision to accept the April 3 happy circus elephant, but reject the sad circus elephant, was merely one inconsistency among many that led this Court to conclude that the exclusion of the plaintiff's sad elephant design was not "reasonable in light of the purpose of the forum." *See*

*Gittens,* 215 F.Supp.2d at 120–35 (quoting *Rosenberger v. Rector and Visitors of the University of Virginia,* 515 U.S. 819, 829–30, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995)). As the Court's prior opinion made clear, and which remains undisputed to this date, the defendants accepted many other designs that were not "whimsical" and that included messages comparable in nature to those in the plaintiff's design. *Id.* at 132–34. For these reasons, the Court finds that there are no genuine issues of material fact such that the Court need reconsider its decision of August 7, 2002.

### III. Damages

■ Finally, the plaintiff contends that it should be awarded monetary damages for its loss of First Amendment rights caused by the defendants' failure to display its sculpture design. It is undisputed that the $5,000 sponsorship level entitled the sponsor to have its sculpture placed in a prominent place in the city for the five months of the Party Animals display. As a result of the time necessary to litigate the court-ordered injunction, the plaintiff's sculpture was only on display in a prominent location for one month. The plaintiff believes, and the defendants have not argued otherwise, that it is entitled to a refund, in essence, for the four months it was excluded from public eye. The Court agrees, and accordingly awards the defendants $4000 in damages.

### IV. Order

Upon consideration of the cross motions for summary judgment, it is, this 14th day of November, 2003, hereby

**ORDERED** that defendant's motion for summary judgment [# 31–1] is DENIED;

**ORDERED** that plaintiff's motion for summary judgment [# 32–1] is GRANTED;

**ORDERED** that the plaintiff is awarded $4000 in damages;

**SO ORDERED.**